IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LIONEL McCOY MOORE, | ) | |
| | ) | |
| Plaintiff(s), | ) | No C 07-0158 VRW (PR) |
| | ) | |
| vs. | ) | SECOND ORDER OF |
| | ) | SERVICE |
| MIKE EVANS, et al, | ) | |
| | ) | (Doc # 11) |
| Defendant(s). | ) | |
| _____ | ) | |

Plaintiff, a prisoner at the Correctional Training Facility in Soledad, California, filed a pro se complaint for damages under 42 USC § 1983 alleging that Salinas Valley State Prison ("SVSP") doctors were deliberately indifferent to his serious medical needs when they failed to provide him with adequate treatment for a severe neck injury for over a month.

Per order filed on June 11, 2007, the court found that plaintiff's allegations appeared to state a cognizable claim for deliberate indifference to serious medical needs under § 1983, when liberally construed, and ordered the United States Marshal to serve SVSP doctors Charles Lee and Andrew Wong.

To date, neither doctor has been served in this action despite their being served in another action before the undersigned. See White v Lee, No. C 07-0638 VRW (PR) (ND Cal filed Jan 25, 2007).

Good cause appearing, the clerk again shall issue summons and the United States Marshal again shall serve, without prepayment of fees, copies of the complaint in this matter, all attachments thereto, and copies of this and all other prior orders on SVSP doctors Charles Lee and Andrew Wong.

In order to expedite the resolution of this case, the court orders as follows:

a.    No later than 90 days from the date of this order, defendants shall file a motion for summary judgment or other dispositive motion.  A motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue.  If defendants are of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, they shall so inform the court prior to the date their motion is due.

b.    Plaintiff's opposition to the dispositive motion shall be filed with the court and served upon defendants no later than 30 days after defendants serve plaintiff with the motion.

c.    Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in

declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.  <u>Rand v Rowland</u>, 154 F3d 952, 962-63 (9th Cir 1998) (en banc) (App A).

Plaintiff is also advised that a motion to dismiss for failure to exhaust administrative remedies under 42 USC § 1997e(a) will, if granted, end your case, albeit without prejudice.  You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by the defendants in their motion to dismiss.  <u>Wyatt v Terhune</u>, 315 F3d 1108, 1120 n14 (9th Cir 2003).

d. Defendants shall file a reply brief within 15 days of the date on which plaintiff serves them with the opposition.   The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the court so orders at a later date.

Plaintiff's recently-filed motion for summary judgment (doc # 11) is DISMISSED as premature.  Plaintiff must wait until the defendants are served to move for summary judgment, and must serve all motions and pleadings on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

SO ORDERED.

VAUGHN R WALKER
United States District Chief Judge

G:\PRO-SE\VRW\CR.07\Moore1.or2.wpd

3